SALLIE GARCIA v. THE STATE.

No. 3173.    Decided October 18, 1905.

**1.—Assault to Murder—Intent to Kill—Deadly Weapon.**

Where on a trial for assault to murder the evidence showed that the weapon used was a stick of stove wood, nearly as long as the arm of the prosecutrix, with which defendant struck her, inflicting a number of severe wounds, knocking her unconscious to the floor and inflicting injuries which confined her to her bed for over a month and her attending physician testified that said stick was of a deadly character and capable of producing death; the defendant while beating prosecutrix threatening to kill her, a conviction for assault with intent to murder is sustained, especially where the law of aggravated assault was submitted with that of assault with intent to murder.

**2.—Same—Verdict—Misspelling of Word.**

Where on a trial for assault to murder the word "penitentiary" was spelled "penitemary" in the verdict of the jury, such inadvertence did not vitiate the verdict.

Appeal from the District Court of Mitchell. Tried below before Hon. James L. Shepherd.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

R. A. Jeffress, for appellant.—On question of verdict: Keeller v. State, 4 Texas Crim. App., 527; Evans v. State, 35 Texas Crim. Rep., 485. On question of intent to kill: Gillespie v. State, 13 Texas Crim. App., 415; White v. State, id., 259; Williams v. State, 30 Texas Crim. App., 429; Carter v. State, 13 S. W. Rep., 147.

Howard Martin, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault, with intent to murder, and her punishment fixed at two years confinement in the penitentiary; hence this appeal.

It is insisted that the evidence presented in the record fails to sustain the case of assault with intent to murder. We have examined the record on this point. It shows that the weapon used was a stick of stove-wood, nearly as long as the arm of the prosecuting witness, who was the aged mother of appellant. It appears that appellant came home late at night, and upbraided her mother for not making Delia (a daughter of appellant) come home from some party or festival. Appellant became angered, picked up the piece of stove-wood, and beat her mother over the head and breast with it, inflicting a number of severe wounds. The mother fell to the floor and became unconscious, on account of the beating she received. She was confined to her bed for over a month from her injuries, and had the attention of physicians. The witness, Dr. Smith, testified that the weapon was of a deadly character and capable of producing death. During the beating appellant told her mother that she intended to kill her. The court fairly submitted the issue as to the specific intent to kill, and the jury found against appellant, and we see no reason to disturb their verdict. The jury were afforded an opportunity to find appellant guilty of an aggravated assault, if they desired, as this matter was presented to them.

There is nothing in appellant's objection to the verdict. The verdict copied in the judgment has the place of confinement spelled "penitemary." The foreman of the jury in his affidavit in this record, says, that the word was spelled "peniteniary," and it was intended to be spelled "penitentiary," but was inadvertently written as above. This does not vitiate the verdict. Bain v. State, 46 Texas Crim. Rep., 96; 9 Texas Ct. Rep., 950. The judgment is affirmed.

*Affirmed.*