MRS. ELLA BRISTOW, *alias* ELLA MYERS v. THE STATE.

No. 20248. Delivered March 1, 1939.
Motion to Reinstate Appeal Denied April 12, 1939.
Second Motion to Reinstate Appeal Granted and Judgment Affirmed April 26, 1939.
Rehearing Denied June 7, 1939.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is abortion; the punishment, confinement in the penitentiary for two years.

It does not appear that appellant gave notice of appeal. Under the circumstances, this Court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

CHRISTIAN, Judge.

After the dismissal of the appeal the clerk of the trial court prepared and transmitted to this Court a supplemental transcript showing that notice of appeal had been embraced in the sentence and entered in the minutes of the court. In connection with such transcript, appellant's attorney filed an unverified motion to reinstate the appeal, in which it is stated that the clerk inadvertently failed to show in the original transcript that notice of appeal had been given and entered in the minutes; that such omission was called to the attention of the trial judge, who ordered the supplemental transcript in question showing sentence and notice of appeal forwarded to this court. The

district attorney has filed an answer to appellant's motion, which is supported by the affidavit of the deputy district clerk who entered notice of appeal in the minutes of the court, and also in connection with said answer a second supplemental transcript has been filed bearing a caption which gives a detailed statement of the procedure followed in carrying the notice of appeal into the minutes of the court. We quote from the State's answer, which is supported as aforesaid:

"Appellant was tried in the 91st District Court during the June term of said court which ended on the 30th day of July, 1938: That appellant, during said term of court, was found guilty as charged in the indictment and the judgment of conviction on her plea of not guilty was duly recorded during said June term of said court in volume 3, page 316 of the minutes of said court. That on the same date of such conviction, and during the June term of said court sentence was duly passed on the appellant and such sentence recorded in volume 3, page 553 of the minutes of said court, same being entered during said term of court and approved by the court on the 30th day of July, 1938.

"The State shows to this Honorable Court that no notice of appeal was entered in the minutes of said court either as a part of the judgment or of the sentence or in any other manner during the June term, 1938, of said court, which was apparent from the original transcript filed in this appeal, and was and is apparent from the certificate contained in the caption of the second supplemental transcript filed herein, such certificate being made by the district clerk of the 91st District Court.

"No notice of appeal whatsoever was made and entered in the minutes of the 91st District Court until after this honorable court had dismissed the appeal herein on March 1, 1939. When such appeal was so dismissed appellant's attorney, M. E. Lawrence, instructed and directed Miss Sybil Holder, deputy district clerk, to insert and write into the minutes of the 91st District Court (in ink) a notice of appeal as the same appears now in the first supplemental transcript filed herein since March 1, 1939, as shown by the caption and certificate of the district clerk on the second supplemental transcript filed in this court at the instance of the district attorney of Eastland County, Texas."

Thus it appears that notice of appeal was entered in the minutes after the expiration of the term at which appellant was convicted without complying with the provisions of Art. 827, C. C. P., which we quote, as follows: "An appeal is taken

by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

The motion to reinstate the appeal is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S APPLICATION FOR LEAVE TO FILE SECOND MOTION TO REINSTATE APPEAL.

CHRISTIAN, Judge.

Appellant has presented an application for leave to file a second motion to reinstate the appeal. The application is accompanied by a supplemental transcript in which it is shown that notice of appeal has been properly carried into the minutes of the court since we rendered an opinion herein overruling appellant's motion to reinstate the appeal. We are constrained to grant appellant's application. The appeal is therefore reinstated and the case considered on its merits.

Virgie Buckley, a witness for the State, testified to the effect that she had become pregnant and had gone to appellant for the purpose of having an abortion performed. Appellant told her that she "would do away with the child" for twenty-five dollars. The witness later returned to appellant's home with her father, Opal Burnett, and Claudia Buckley. At that time appellant inserted a tube into the womb of the witness. At this juncture we quote the witness' testimony as follows: "She left the tube in me. She said to take that tube out about five o'clock the next evening. I left it in me and took it out at the time she said to. When I first got there Mrs. Bristow asked my father to come in the house and something was wrong with the car and he fixed that and then he come on in there. I don't know whether she had put that tube in me already when my father came in or not, he was in another room. * * * I was in a healthy condition under the circumstances prior to the time she inserted that tube in me. After my father got in the house

he said she would have to do the work before he would pay her and she said she guaranteed her work. She wrote a check payable to cash in the sum of twenty-five dollars. * * * I commenced having pains first late Sunday evening and then I went to bed. * * * I next saw Mrs. Bristow (appellant) Sunday night after midnight. My daddy went after her. She said to send for her if we needed her. She said that when we were at her house. When she got there Sunday night, she told Claudia to get some hot towels. I think Claudia got the towels and put them on my stomach, and Mrs. Bristow sat there awhile and then reached her hand up in me and I don't know what she done. I did not see her relieve me of anything. I know that she did relieve me of something. She put it in a box."

The father of Virgie Buckley testified to having accompanied his daughter to the home of appellant and having paid appellant twenty-five dollars to produce an abortion. Further, he testified that appellant waited on his daughter the following Sunday. According to his version, after appellant had attended his daughter someone handed him a box, which he carried away and buried.

Among other things, Claudia Buckley testified that she was present when Virgie Buckley was having labor pains; that appellant came to the house on the occasion in question; that appellant put some vaseline on her hand and arm and "ran her hand up Virgie." We quote from the testimony of this witness as follows: "After the child was born Mrs. Bristow (appellant) cleaned her up so to speak, and brought out the afterbirth. The afterbirth was put in a five gallon can and Mr. Buckley carried it off. I did not put the child in a box but I got the box for that purpose. I wouldn't touch it myself and wouldn't again if it was to do over. * * * I got the rags to wrap it in. * * * After it was put in the box and I handed it to Mr. Buckley I didn't see it any more. I don't know what Mr. Buckley did with it."

Loss Woods, sheriff, testified that, after conferring with Mr. Buckley, he went to the place where the foetus was buried. He testified: "It was a human body. It was very small, I would estimate it to be about 8 or 9 inches long. We taken it up and brought it to town and took it to the hospital up here. It was in a shoe box."

Dr. Cogburn testified: "I am a physician. * * * On or about June 6, 1938, Sheriff Loss Woods and yourself brought something to the hospital. It was a foetus of an unborn child. From examination of it, I would judge it to have been approximately four months, but it is hard to tell definitely the age of a foetus."

Dr. Stubblefield testified that he examined Virgie Buckley during the month of April, 1938, and found that she was pregnant. He testified: "I examined Miss Buckley to see whether or not she was pregnant and she was pregnant. Apparently, so far as I could tell, she was in normal condition; the foetus was in a live state."

Appellant did not testify.

It is manifest that the State relied upon direct evidence. Hence appellant's exception to the charge for its failure to embrace an instruction covering the law of circumstantial evidence was not well taken.

Virgie Buckley was not an accomplice witness. Therefore appellant's objection to the charge of the court for its failure to instruct on accomplice testimony as to said witness was properly overruled. We quote from Branch's Ann. P. C., Sec. 1821, as follows: "The court does not have to apply the law of accomplice testimony to the testimony of prosecutrix, although she consented to the procuring of the abortion, or to the attempt to procure it."

Appellant's bills of exception are in question and answer form. No certificate of the trial court showing the necessity for such form appears. It has long been the rule in this Court that bills of exception in question and answer form are not entitled to consideration. Govance v. State, 2 S. W. (2d) 853, and authorities cited. Where a bill of exception appears in question and answer form, in order to receive consideration, a certificate of the trial judge must show the necessity for such form. Lee v. State, 274 S. W. 582; Govance v. State, supra.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

We have again read the full record, and have carefully considered the brief and motion filed herein. We are still of the opinion that this cause was properly decided in the original opinion. We can not relax the rule relative to refusing to consider bills of exception in question and answer form, unless accompanied by a certificate of the trial court setting forth the

necessity therefor. We are of the opinion that no substantive right has been denied this appellant, and the motion for a rehearing will be overruled.