ROBERT GREEN V. THE STATE.

No. 22010. Delivered March 18, 1942.
Rehearing Denied April 22, 1942.

The opinion states the case.

*B. N. Richards*, of Dalhart, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to support his conviction for the offense charged. The evidence adduced by the State, briefly summarized, shows that late in the afternoon of May 8, 1940, the appellant, together with Oliver McMurry and Henry Want, went to the home of the latter. From there, appellant and McMurry went to the home of E. O. Trosper. Upon arriving there, they entered without any invitation from Trosper or any member of his family. They had with them some beer and a half pint of whisky. They offered some of the beer to Mr. Trosper and he drank a glass of it. During the time they were at the Trosper home, Mrs. Trosper offered to sell them some tickets to a P. T. A. meeting. Appellant purchased two of the tickets at the price of fifteen cents each. McMurry did not buy any tickets, stating that he did not have any money. Thereupon, appellant punched him in the abdomen and remarked, "I thought you were a tight s-- of a b----; now I know it." They then clinched and a tussle ensued. Mr. Trosper told them that if they wanted to fight to get out of his home. He opened the door, shoved them out and then closed it. Soon thereafter, he heard McMurry say, "Well, you have knocked my teeth out; I will have to get to the dentist." Upon hearing the remark, Mr. Trosper opened the door, and Mrs. Trosper assisted McMurry into the house and washed the blood from his face. The doctor who treated McMurry found that his right jaw-bone was broken in two places,—the left in one place; and two teeth had to be removed. The evidence showed that appellant struck McMurry with a piece of timber two inches thick, four inches wide and two feet long. Doctor Moore testified that a piece of timber of the kind and character in question, in the hands of any average-sized man, striking another with considerable force, is likely and calculated to cause death. The injured party was under the care and treatment of Doctors Moore and Johnston for six weeks.

Appellant took the witness-stand and testified in his own behalf, stating that he did not strike McMurry with a piece

of timber, but that he struck him with his fist; that he intended to knock him down whatever the result might be, but he did not intend to kill him. The officer who arrested appellant within two or three hours after the occurrence and took him to jail, testified that he saw no bruises or abrasions on the appellant's hands at the time; nor did they appear to be swollen.

It occurs to us that the jury had sufficient evidence before them as a basis for their conclusion that appellant committed the assault with an intent to kill. The court, in his charge to the jury, instructed them on the law of assault with intent to murder, with and without malice, and upon the law of aggravated and simple assault.

The only objection which appellant urges to the court's charge is that the evidence is insufficient to raise the issue of assault with intent to murder with or without malice, and that, therefore, the court's charge is not applicable to the facts. We are not in accord with this contention. The piece of timber which the State showed that appellant used in committing the assault was fully described, and the doctor testified that such a piece of timber in the hands of an average-sized man, when striking with considerable force, was likely to produce death. In determining the intent of the party charged with an assault with intent to murder, the jury is authorized to take into consideration the instrument or weapon used, together with the injury inflicted upon the injured person. Consequently, it is not error for the court to submit the issue of assault with intent to murder to the jury. See Garcia v. State, 48 Tex. Cr. R. 528; Colbert v. State, 52 Tex. Cr. R. 486; Duhon v. State, 136 Tex. Cr. R. 404; Bailey v. State, 123 Tex. Cr. R. 206.

Appellant has two bills of exception in the record, each of which is in question and answer form without a certificate from the trial court that it was necessary that they be in such form in order to fully present the matter therein complained of. Hence these bills cannot be considered. See Garza v. State, 88 S. W. (2d) 113; Bristow v. State, 137 Tex. Cr. R. 220.

Appellant requested two special charges, the first of which was given by the court. The second requested instruction was to the effect that if the jury believed from the evidence that the defendant struck Oliver McMurry with his fist only, then

they could not find him guilty of any offense of a higher grade than simple assault. This requested instruction was refused, but no exception was taken to the court's action in declining to give the same. Consequently we would not be authorized to review the action of the court relative thereto. However, we do not believe that the court committed any error in declining to submit the same inasmuch as the issue of simple assault was not raised by the testimony, the injury inflicted being of a serious nature.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In view of appellant's motion for rehearing we have re-examined the evidence and believe this court to be without authority to disturb the jury's finding upon fact issues which were properly submitted by the trial court.

The motion for rehearing is overruled.