JAMES STROUD V. THE STATE.

No. 22357. Delivered January 13, 1943.

The opinion states the case.

*Henry Owsley* and *R. B. Gambill,* both of Denton, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is unlawfully carrying a pistol. The punishment assessed is confinement in the county jail for a term of one year.

Appellant's first complaint is that the evidence does not justify and sustain his conviction. In order that this opinion may reflect the basis of our conclusion, we deem it proper to briefly state the evidence adduced by the State. On the night of September 3, 1942, while appellant was having his car serviced at a Texaco Filling Station in the City of Denton, Texas, Miss Nadine Heiden, who was on her way from Dallas to Oklahoma, drove up to the filling station to have her car adjusted since it was not functioning properly. While there she inquired of Mr. Ballard, the agent in charge of the station, where she might wash her hands, and he directed her to the women's rest room; that while she was washing her hands Mr. Ballard remarked to appellant that he came very near sending her to the men's rest room because so many men came there to wash their hands, whereupon appellant said that he would like to see her when she came out; that when she did come out she said nothing to appellant nor did he say anything to her. Appellant then drove across the street and parked; that when Miss Heiden drove off appellant turned away; that when she reached the first curve in the highway leading from Denton to Gainesville, she saw a car following her which soon passed her and then practically stopped. She then passed it and increased her speed but the car also increased its speed and overtook her; that as it was passing her she heard a gun fire twice. She then saw the headlights of an automobile coming from the opposite direction; that she pulled her car to the left side of the highway and stopped; that when the approaching car got within thirty yards of her it stopped. She spoke to the parties in the car and learned that they were Reverend Sizemore and his daughter. The car which had fol-

lowed her and from which the pistol was fired also stopped a short distance away, and the person who was driving it got out and came over to where Miss Heiden and the Reverend Sizemore and his daughter were parked. He had a pistol in his hand. The young lady, as well as Reverend Sizemore, identified appellant as the person who came up to their automobile on the night in question with a pistol in his possession.

Appellant did not testify nor did he offer any affirmative defense.

From the foregoing brief statement of the evidence it is apparent that it was ample upon which the jury could base their conclusion of the appellant's guilt.

Appellant next contends that the punishment assessed against him is excessive. This court would not be authorized to so hold since the penalty assessed against him is within the limits prescribed by law for such an offense. Moreover, the facts, as developed on the trial, show an aggravated case; one which would justify a severe punishment.

Appellant has a number of bills of exception in the record but each is in question and answer form without any certificate by the trial judge that it was necessary that they be in such form. Hence the same cannot be considered by this court. See Millican v. State, 157 S. W. (2d) 357; Mallett v. State, 158 S. W. (2d) 792; Green v. State, 160 S. W. (2d) 940; McCroy v. State, 96 Tex. Cr. R. 354; 257 S. W. 566; Dunne v. State, 98 Tex. Cr. R. 7, 263 S. W. 608; and many other cases might be cited on the subject.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.