### BILL STANLEY V. THE STATE.

No. 22501.  Delivered June 9, 1943.
Motion to Reinstate Appeal June 25, 1943.
Appellant's Motion for Rehearing Overruled (Without Written Opinion) October 13, 1943.

The opinion states the case.

*Nat Gentry, Jr.,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is forgery. The punishment is assessed at confinement in the State penitentiary for a term of two years.

The record is before us without a recognizance or an appeal bond. There is, however, a copy from the trial court's docket in the record which shows that appellant entered into a recognizance with S. T. Stanley and G. M. Neuburn as sureties. This is insufficient to confer jurisdiction on this court because the same was not entered on the minutes of the court. See Maxey v. State, 55 S. W. 823; Kounce v. State, 60 S. W. 966. Since the record fails to show that a recognizance was entered upon the minutes of the court during term time or to contain a certificate showing that the appellant is confined in jail, the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

KRUEGER, Judge.

At a former day of this term of court, we dismissed the appeal because of a defective record. Since then the record has been perfected. Therefore, the appeal is reinstated and the case will now be disposed of on its merits.

It was charged in the indictment, omitting the formal parts, "that on or about the 31st day of July, A. D., 1940, and anterior to the presentment of this Indictment, in the County and State aforesaid, Bill Stanley, without lawful authority, and with intent to defraud, did willfully and fraudulently make a false instrument in writing purporting to be the act of another, to-wit, the act of A. H. Flisher, which said false instrument is to the tenor following:

"MEMBER FEDERAL RESERVE INSURANCE CORPORATION
Henderson, Texas      7-31          1940          No.

THE FIRST NATIONAL BANK

Pay
To The
Order of  Quitman Live Stock Commission  $479.00
Four Hundred Seventy-Nine & No/100 - - - Dollars

88-314
11                        A. H. Flisher

When written in ink this check is insured against fraudulent alterations.

This Bank  is not responsible for pencil written checks.

MEMBER FEDERAL DEPOSIT INSURANCE CORPORATION."

The State's testimony shows that on July 31, 1940, the appellant was at the auction ring of the Quitman Livestock Commission, where cattle were being sold at auction and that he purchased quite a few cattle for which he gave the check in question.

H. V. Puckett and Grover Rhodes, who owned and operated the auction ring, each positively identified appellant as being

present at the ring on the afternoon of July 31, 1940. Rhodes further testified that appellant introduced himself as Mr. Flisher.

Mary Bridges, who was the bookkeeper for the Quitman Livestock Commission, identified appellant as the person who, in her presence, signed the check in question and passed the same to her in payment of the cattle which he had purchased. The check was then introduced in evidence.

Ernest Shaw also identified appellant as the person present at the Quitman Livestock Commission ring on the afternoon of the day in question and saw him write the check and sign it, "A. H. Flisher."

Jesse Bateman, whom appellant engaged to haul the cattle from the auction ring to Tyler, also positively identified appellant as being at the auction ring on the day in question, as did some of the other witnesses.

Mr. Oliver, cashier of the First National Bank at Henderson, the bank against which the check in question was drawn, testified that it came to his bank through the Federal Reserve Bank of Dallas; that it was returned unpaid because the party who had given the check had no funds to his credit in the bank and never had any; that Joel Fletcher had an account with the bank but the signature on the check was not that of Mr. Fletcher, nor did it resemble his signature; that he had never heard of anyone by the name of Flisher.

Reagan Stone testified that he lived at Henderson in Rusk County and had done so for more than fifty years, during which time he had been a deputy sheriff for 12 or 15 years, county engineer for four years, and was then sheriff elect; that he had canvassed the county during the campaign but he knew of no one in the county by the name of A. H. Flisher, nor had he ever heard of that name before.

Appellant's plea was that of an alibi, which he supported by his own testimony and by that of a number of other witnesses.

It will be noted that an issue of fact was raised which the jury, who are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony, decided against the appellant, and their finding on an issue of fact is binding on this court.

The evidence is ample to sustain the conviction.

By Bill of Exception No. 1 appellant complains of the action of the trial court in overruling his second application for a continuance based on the absence of A. L. Newburn, Leonard Owens, Ned Harris and B. B. Burks, who had been served with process prior to the preceding term of this court. He claims that he would have proved by each of said absent witnesses that he was in the town of Bullard on the afternoon of July 31, 1940, located about 50 miles from the town of Quitman. In his qualification of the bill, the court states that A. L. Newburn was 72 years of age, was in feeble health, had been confined to his home for several months; that he would never be able to appear in court and testify in the case; that the witness, Leonard Owens was present in court but was not used as a witness; that Ned Harris was subpoenaed on the 22nd day of May, 1941; that on the 2nd day of June, 1942, another subpoena was issued to Taylor County for said witness, showing his address at 415 QM BN 90th Div., Camp Barkley, but no return appears to have been made, and no other process was thereafter applied for by appellant; that the witness lived in the same community as the defendant at the time he entered the Army prior to June, 1942; that at the time of the trial the witness was at Camp Wolters in Mineral Wells, Texas, but no effort was made to obtain his deposition; that the witness Burks was at Lamesa, in Dawson County, at the time of the trial and had been there since September 1, 1942; that he was engaged as a cotton buyer as he had been for several years prior thereto; that the address of the witness was known to his sister at the time; that she lived in the same community as the defendant and he was well acquainted with the sister of the witness; that a casual inquiry would have given appellant the required information as to the whereabouts of the witness, but no process for him to Dawson County was ever applied for and no attachment requested; that the trial of the case was originally set for the 2nd day of November, but the court postponed the trial until the 5th day of said month. The bill, as thus qualified, was accepted by the appellant and he is bound thereby. We see no error reflected by the bill in view of the court's qualification thereof. It occurs to us that appellant has failed to exercise due diligence to secure the attendance of the desired witnesses, who were physically able to appear. Ordinarily, the granting of a subsequent application rests within the sound discretion of the trial court and unless it is made to appear that the court abused his discretion with reference thereto, this court would not be justified in reversing the case. Appellant did not file any motion for new trial, nor did he bring forward any affidavits from the absent witnesses showing that

they would testify as claimed by him. In the instant case we perceive no abuse of judicial discretion. See Williams v. State, 168 S. W. (2d) 261, and cases cited.

By Bill of Exception No. 2 appellant complains of the action of the court in not permitting him to prove by the State's witness, Ernest Shaw, that he had been convicted of burglary in the year 1929, and was awarded a four years' suspended sentence. It appears from the bill that the State objected to the inquiry on the ground that it was too remote and the court sustained the objection. The court qualified this bill by stating that he did permit appellant to interrogate said witness relative to an indictment returned against him in 1935, charging him with burglary; that he was tried in the year 1936 on said charge and was acquitted. The bill, as thus qualified, fails to show error. The conviction in the year 1929 was too remote. The indictment returned against him in the year 1935 and his acquittal on said charge in 1936 would not be sufficient to show that he had not reformed. Had he been convicted on the charge in 1936, a more serious question would have been presented. See White v. State, 57 Tex. Cr. R. 196; Ballew v. State, 136 Tex. Cr. R. 181; Cawthon v. State, 114 Tex. Cr. R. 86. Appellant cites us to the case of Oates v. State, 67 Tex. Cr. R. 488, as sustaining his contention. We are unable to agree with him. In that case the accused was convicted in Tarrant County in 1892 of the offense of manslaughter and given a term of two years in the penitentiary; and again in April, 1899, he was convicted in Dallas County for the offense of murder and sentenced to five years in the State penitentiary. The offense for which he was on trial was committed in 1904. Consequently the previous convictions failed to show any reformation, and the court held that it was permissible, for the purpose of affecting his credibility, to show the previous convictions. Therefore, that case is not analogous to the one under consideration.

No error appearing from the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.