LAURICE SINGLETON V. THE STATE.

No. 23406. Delivered June 19, 1946.

The opinion states the case.

*Jennings C. Brown,* of Decatur, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record before us shows that appellant and Mitchell King had been playing a game with cards at the home of Ezelle Minor, some few hours prior to the time of the killing; that during the game an argument arose between them growing out of the game. When this argument terminated both parties left the home of Minor. About an hour later they returned to Minor's home and again engaged in playing cards only a short time when they again left. Later, King (the deceased) went back to Minor's home, but did not engage in any game. He soon left, going out of the front door. Appellant, who had come armed with a shotgun and pistol, stopped at a point near the home of Minor and was apparently waiting for King to appear, inasmuch as he stated in his confession that he went home to get his shotgun and pistol; that he hid the shotgun in the weeds, but left the pistol in his car; that when King came from the home of Minor, he met him, shot him twice with the shotgun, and then shot him twice wtih the pistol. King died within a very short time from the effects of the wounds inflicted.

Appellant claimed that he shot the deceased in self-defense.

Appellant attempts to bring forward two bills of exception. The first one is denominated Bill No. 1, and covers 98 pages of typewritten matter. Among the lengthy recitation in said purported bill, we find the following:

"On the 14th day of February, 1945, this cause came on for hearing on defendant's motion to quash the indictment, as well as his motion to quash the special venire, and also on his motion in support of challenge to the array of the grand jurors empaneled in said cause who returned the indictment."

This is followed by what purports to be a full and correct transcript of the evidence adduced upon the hearing in support of said motions, and further states that the court overruled the motion to quash, overruled the challenge to the array of the grand jury, and also overruled the defendant's motion to quash the special venire, to which he excepted. The statement of what purports to be a transcript of the evidence heard on each and all of the motions is copied therein in question and answer form without any certificate of the trial court that it was necessary that it be in such form for a better understanding of the questions involved. No other independent statement of the facts

proven on the hearing of the motions is brought forward. This bill is not in proper form in that it is in violation of the law, and therefore it cannot be considered. See McDaniel v. State, 90 Texas Cr. R. 636; Mallet v. State, 158 S. W. (2d) 792; Green v. State, 160 S. W. (2d) 940; Kodak v. State, 165 S. W. (2d) 908; Stroud v. State, 167 S. W. (2d) 526; Williams v. State, 170 S. W. (2d) 735, (also p. 737); Libertini v. State, 168 S. W. (2d) 263. See also cases cited in Vernon's Ann. Tex. C. C. P., Vol. 2, Art. 667, note 23.

By Bill of Exception No. 2 appellant complains of the action of the trial court in overruling his application for a continuance based on the absence of one R. J. Bell, a witness for the defendant. It is asserted in the application that it is the first application for a continuance, and also, in the alternative, that if he be mistaken in this, he knows of no other witness by whom he might be able to prove the facts to which the witness would testify if present, setting forth the materiality of the facts to which he would testify. He alleges in said motion that R. J. Bell was not present, although duly summoned, due to the fact that he was in the Army of the United States; that his exact whereabouts was unknown to the defendant.

In the second paragraph of his motion he avers that on the 20th day of June, 1945, and prior to the filing of said application he, through his attorney, made application for a subpoena for the said R. J. Bell, but after diligent search had been made, it did not appear that such subpoena had ever been issued by the clerk or that it had been returned by the sheriff. The court qualified this bill and in his qualification thereof states that on the 18th day of December, 1944, appellant asked for a postponement of the trial of the case until he could ascertain the whereabouts of defendant's brother; that in response to that request the court postponed the case to the 20th day of February, 1945, at which time defendant filed another motion for a continuance which was granted, and the case set for trial on the 3rd day of April, 1945; that on May 29th, another postponement was granted and the case reset for trial on the 25th day of June, 1945; that upon the last-named date, the court granted another motion and set the case for trial on the 16th day of July, 1945. All postponements and continuances were made at appellant's request. It further appears from the record that the mother of the witness, Bell, resided in the town of Decatur, the county seat of Wise County, but no effort, so far as this record shows, was made to ascertain from her the whereabouts of her son. Most likely the son kept in touch with his mother.

It occurs to us from the court's qualification of the bill, to which no objection was made and no exception taken, that appellant did not exercise proper diligence to procure the attendance of the witness or obtain his deposition. That this last application was his fourth application for a continuance is apparent to us, and it does not appear that appellant exercised proper diligence to secure the testimony of the absent witness, who, although in the Army, was at some army camp in Missouri.

We are of the opinion that the court was justified in overruling the moton on the ground that appellant had failed to exerecise proper diligence to obtain the deposition of the witness Bell, who, as above stated, was in the Army of the U. S. A. Ordinarily, the granting or refusal of a motion for a continuance rests within the sound discretion of the trial court, and unless it is made to appear that he abused his discretion with respect thereto, no reversible error is shown. See Stanley v. State, 173 S. W. (2d) 555; Williams v. State, 168 S. W. (2d) 261; Gilbreath v. State, 136 Tex. Cr. R. 299.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.