LEROY ARMELINCES v. THE STATE.

No. 23870. Delivered January 7, 1948.
Rehearing Denied February 18, 1948.

W. E. Lea, W. P. Sexton and J. T. Adams, all of Orange, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the killing with malice of his wife, Leona Armelinces, and assessed a penalty of 30 years in the penitentiary.

The facts evidence that the parties to this tragedy are negroes with many negro witnesses. It is shown by the State that the deceased woman was drinking, and upon the day of the killing seemed to have had some disagreement with appellant He made some threats relative to taking his wife's life, and came to where she lived with her mother, making the statement that he came to kill her. He had also thus threatened her some weeks previously. Appellant was possessed of a "Texas Jack" knife, as it was called, and eventually his wife was stabbed with a sharp instrument, the wound reaching into the sack around the heart, from which wound she died in about forty hours.

Appellant took the stand and claimed that he and his wife had a fuss during which she obtained this knife; that in their tussle she fell down and struck herself with the knife, which had a blade about three and one-half inches long. He claimed it to be an accident growing out of the fuss and tussle. His version of the trouble is shown from the following excerpt from his testimony:

"The way it was—she don't like to see me go out nowhere and she always accused me of being with other ladies, so I told her I was going out and she said I wasn't and I said I was and she said I wasn't and the knife was laying on the dresser at that time and when I said that she grabbed the knife and it was open and she had cut me on my back and shoulder before and I grabbed her and my feet slipped and we fell across the bed and she fell on the knife and I didn't cut her."

The deceased also made several statements to the doctor and nurses that she and appellant were only playing and this "was all in fun." When asked if she and her husband were fighting, she said, "No, we were only playing."

Under these facts the jury saw fit to believe the State's witnesses and we see no reason to disturb their verdict.

There are nine bills of exception in the record all of which appear in question and answer form with no certificate of the trial court relative to the necessity therefor. We have uniformly held that we cannot consider same in that condition. See Austin v. State, 148 Tex. Cr. R. 329, 187 S. W. (2d) 222; Stroud v. State, 145 Tex. Cr. R. 264; 167 S. W. (2d) 526; and Green v. State, 144 Tex. Cr. R. 40, 160 S. W. (2d) 940.

No error appearing in the record, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

We cannot agree with appellant that an approval by the trial judge of a question-and-answer bill of exception constitutes a certificate that it is necessary for the bill to be so drawn; to so hold would nullify the rule. Every bill of exception, unless it be a bystanders' bill, must be approved by the trial judge. The law contemplates that all bills of exception be drawn in narrative form. It is the exception to that rule that authorizes them to be drawn in question and answer form—hence the necessity for an express certificate of the trial judge that the bills be so drawn.

None of the bills here presented come within any exception authorizing their consideration by this court.

The motion for rehearing is overruled.

Opinion approved by the Court.