L. A. SHARP V. THE STATE.

No. 23977. Delivered March 24, 1948.
Rehearing Denied April 21, 1948.

*Brummett & Brummett,* of Lubbock, and *H. A. C. Brummett,* of Dickens, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by indictment containing three counts with the offense of an aggravated assault and battery. Upon his trial he was convicted of said offense and his punishment was assessed at a fine of Four Hundred Dollars.

His first complaint relates to the court's action in declining to peremptorily instruct the jury to return a verdict of not guilty based on his contention that the evidence is insufficient to justify his conviction.

The state's evidence shows that appellant struck J. D. Hopkins on the head just back of the ear with some bright object, the exact character of such object the witness was unable to state. The record further shows that upon being struck, he, Hopkins, slumped down on the street; that a physician was summoned who found him in a serious condition and advised that he be taken to a hospital for treatment. He was taken to a hospital in Lubbock where he remained in an unconscious condition for about two weeks. After he regained consciousness he was taken to the home of his sister where he remained under

the care of his sister, who was a nurse, for another week, and then was taken home.

It was appellant's theory that some other person struck Hopkins which may have caused his injury. This merely raised an issue of fact which the jury decided adversely to him. We think that the evidence is ample to sustain his conviction.

By Bill of Exception No. 2 he complains of the alleged following remark by the district attorney in his closing argument to the jury: "Gentlemen, I want to say just a few words about the witnesses who came here and testified. They testified to his being peaceable and inoffensive—nothing else, nothing more; nothing more was asked them about his character or reputation," to which appellant objected on the ground that it left the impression with the jury that his reputation in other respects was bad, * * * that it was highly prejudicial to defendant. This bill is qualified by the court who states in his qualification that Mr. Brummett, one of defendant's attorneys, in his argument to the jury said, "These witnesses have testified that this defendant is a peaceable and law-abiding man and a good citizen as far as they knew;" in referring to the witnesses who testified in substance that the reputation of the defendant for being peaceable and inoffensive was good; that the remarks of the district attorney were made in reply to the argument of defendant's attorney. The bill as qualified by the court was accepted by appellant and he is bound thereby. See Wells v. State, 115 S. W. (2d) 658; and Tex. Jur., Vol. 4, page 278, Sec. 194, where many authorities are cited. Moreover, this bill is deficient in that it fails to negative the fact that the remark complained of was provoked or invited by appellant's attorney. See France v. State, 187 S. W. (2d) 80; Cavazos v. State, 186 S. W. (2d) 990; Carpenter v. State, 192 S. W. (2d) 268; and Alamo v. State, 200 S. W. (2d) 161.

Bill of Exception No. 3, complaining of another remark by the district attorney, is also qualified by the court showing that said remark complained of was in reply to the argument of counsel for defendant. This bill as qualified fails to reflect any error, and it, like the preceding bill, is equally deficient.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains that error is shown in Bill of Exception No. 1. In that bill it is shown that he attempted to prove by two witnesses, Mae Curtiss and Jewell Woods, who were not eye witnesses to the transaction herein inquired about, that one, Don Crosby, who was present thereat, sometime after Mr. Hopkins was injured, told each of these proffered witnesses that he (Crosby) was the man who had struck Mr. Hopkins in order to protect appellant. It is noted that Crosby was not a witness herein. In the first place, this bill is multifarious and relates to the proffered testimony of two different witnesses. In the next place, the same is largely in question and answer form with no certificate of the County Judge of the necessity therefor; and again, the matter is clearly hearsay, since neither of these witnesses was present at the scene of the difficulty when Hopkins was injured. It is further shown that Crosby, while present at the scene of the difficulty, was not offered as a witness in this trial. See Green v. State, 144 Tex. Cr. R. 40, 160 S. W. (2d) 940; Stroud v. State, 145 Tex. Cr. R. 264, 167 S. W. (2d) 526; Lerma v. State, 150 Tex. Crim. Rep. 360, 200 S. W. (2d) 635; De Leon v. State, 150 Tex. Crim. Rep. 391, 201 S. W. (2d) 816.

Appellant's motion for rehearing will therefore be overruled.