**Herbert Ray SOLLERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–1303 CR.**

Court of Appeals of Texas, Dallas.

April 4, 1983.

---

Before CARVER, ALLEN and ROWE, JJ.

ROWE, Justice.

This is an appeal from a conviction of aggravated rape. Punishment was assessed at fifty years' confinement in the Texas Department of Corrections. Appellant complains in two grounds of error that: (1) the indictment is *fundamentally defective* in failing to allege the offense of aggravated rape;[1] and (2) the fifty year sentence under the circumstances constitutes cruel and unusual punishment. We overrule both grounds and affirm.

The indictment alleges the offense was committed on September 6, 1981. Effective September 1, 1981, the statutory definition of aggravated rape appearing in TEX. PENAL CODE ANN. § 21.03 was amended to read as follows:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this Code or rape of a child as defined in Section 21.09 of this Code and (1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; (2) by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone; (3) *by acts, words, or deeds occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone;* or (4) uses or exhibits a deadly weapon in the course of the same criminal episode; or (5) the victim is younger than 14 years.

Prior to September 1, 1981, the definition of this offense read as follows:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this Code or rape of a child as defined in Section 21.09 of this Code and he: (1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or (2) *compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.*

The indictment alleged that appellant did unlawfully:

Intentionally and knowingly have sexual intercourse with [the victim] Buchanan, hereinafter styled Complainant, a female not his wife, without the consent of the Complainant, by means of force and threats against the complainant, and the Defendant did intentionally and knowingly *compel the Complainant to submit to the said act of sexual intercourse by verbally threatening serious bodily injury and death to be imminently inflicted on the Complainant* . . .

We agree with appellant that allegations of the indictment were fashioned upon the pre-September 1, 1981, statutory language, i.e., the old statute. The question for review, therefore, becomes whether the indictment, nonetheless, sufficiently charged appellant with the offense of aggravated rape under the amended statute. We are convinced that it did.

TEX.CODE CRIM.PROC.ANN. art. 21.17 (Vernon 1966), provides as follows:

Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.

As pertains to subsection (a)(3) of article 21.03, the major difference between the old and new definitions is that the present defi-

---

1. We treat appellant's ground of error as he stated and argued it. We agree with the State's contention that appellant's motion to quash was ineffective to raise any other ground on appeal because it failed to bring to the trial court's attention the amendment to the statutory definition of aggravated rape which became effective just a few days before the offense allegedly was committed.

nition drops the requirement that submission be compelled by the threats and substitutes the requirement that the threats, whether by act, word, or deed occur in the presence of the victim. Because under both definitions no more is required than some showing of a cause and effect relationship between the threats and the subsequent submission of the victim, we perceive no substantial difference between the old and new statute insofar as concerns aggravation attributable to verbal threats of death or serious bodily injury. For a victim to be compelled into submission by such threats, the threatening words must be heard, and for the threatening words to be heard and obeyed, the victim must be present.

In *Green v. State,* 571 S.W.2d 13 (Tex.Cr. App.1978), the reviewing court was faced with the issue of whether an indictment charging indecency with a child was fundamentally defective in failing to allege expressly that the accused exposed himself knowing a child to be present. Because the indictment did allege that the defendant knowingly exposed his genitals to the complaining witness, the court found that the indictment sufficiently alleged such act occurred in the presence of the child. By analogy, in the case before us, the indictment as phrased is adequate to imply that the verbal threats compelling submission were made in the presence of the victim.

The rule is that an indictment is not fundamentally defective if, when read as a whole, it is clear that the accused is charged with aggravated rape. *Johnson v. State,* 623 S.W.2d 654 (Tex.Cr.App.1981); *Ex parte Bunch,* 608 S.W.2d 641 (Tex.Cr.App. 1980) (en banc); *Church v. State,* 552 S.W.2d 138 (Tex.Cr.App.1977). When so read, we find that the indictment in question is not fundamentally defective, and thus we overrule appellant's first ground of error.

■ By his second ground of error alleging cruel and unusual punishment, appellant seeks to have his fifty year sentence set aside and the case remanded for a second hearing on the punishment phase. Appellant concedes that the sentence im-

posed in this case is within the permissible range of punishment affixed to the crime. Under these circumstances we are not authorized to hold such a penalty to be excessive. *Stroud v. State,* 145 Tex.Cr. 264, 167 S.W.2d 526 (1943). We also note that under similar circumstances the Court of Criminal Appeals has consistently refused to entertain such a ground of error. *Blassingale v. State,* 408 S.W.2d 115 (Tex.Cr.App.1966); *Gonzales v. State,* 386 S.W.2d 139 (Tex.Cr. App.1965); *Mason v. State,* 375 S.W.2d 916 (Tex.Cr.App.1964). We overrule appellant's second ground of error.

Affirmed.