# JANUARY 13, 1943

## LORAINE BOWERS V. THE STATE.

No. 22254.  Delivered November 4, 1942.
Rehearing Denied January 6, 1943.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) January 13, 1943.

The opinion states the case.

*L. R. Blake,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction in the county court of Harris County with a fine of $200.00 and confinement in jail for a period of twenty days.

The complaint charges appellant, together with her husband, with having been engaged in keeping and assisting in keeping a bawdy house. The transcript contains a lengthy instrument setting out seventeen "exceptions" which is denominated a bill of exception. We note, however, that it contains exceptions to the failure of the court to grant a motion for continuance; failure to instruct the jury to return a verdict of not guilty and failure to sustain her motion in arrest of judgment, together with numerous objections to the admission of testimony. This bill is multifarious, for which reason, together with others, it cannot be considered by this court.

It follows that we cannot consider the court's action as set out in said instrument because they are matters which must be brought before this court by bills of exception.

Appellant presents numerous "Assignments of Error" in her brief which she apparently relies upon to present her complaint to this court. Assignments of error are unknown to criminal procedure in Texas and, though frequently found in briefs, have no office whatsoever of value to appellant. They cannot be utilized as substitutes for bills of exception and are of doubtful assistance at any time in preparation of briefs for this court.

The only matter which this court may consider in the state of the record is whether the evidence is sufficient to sustain a conviction. Appellant and her husband had operated a hotel of about eleven rooms on the second floor of a building on Capitol Avenue in the City of Houston for a considerable time prior to their arrest. On the 10th day of January, 1942, five policemen of the city, with a search warrant, went to the premises at about eleven o'clock at night. They were admitted by a negro maid and, upon gaining entrance, discovered the appellant with

three other girls in a room adjoining the reception hall, each dressed in some kind of robe and none of them wearing street clothes. A soldier had just entered the place about ten minutes previously and, motioning to one of the girls whom he selected from the group, he was carried to a room where the officers found him undressed. He had agreed with the girl on a price for her association with him and given her a five dollar bill. She had gone to get the change but was interrupted by the officers entering the building. The officers remained for about four hours, during which time approximately eighteen men entered the premises, several of whom testified that they had come there for the purpose of sexual relations with the occupants. Most of the girls had reputations for being common prostitutes, as was appellant. The evidence shows that the place had the reputation of being a house of prostitution.

Had the evidence stopped at this, there might have been some question as to whether or not it would have been sufficient under the holding of this court in Gibson v. State, 162 S. W. (2d) 703, but we think that the circumstances, including the visit of the great number of men with their admitted purpose and the general setting above described justifies the verdict of the jury. A double ledger or account book was found in the apartment which apparently reflects the business which was being transacted there. Appellant took the witness stand and denied any knowledge of this book, but, on cross examination, she admitted that the maid had made numerous entries indicating transactions with girls relative to the rooms, the sale of articles indicating the business that was being conducted, together with extensive business transactions with taxicab drivers by which sums of money were paid on the calls for bringing men there and, occasionally it was noted that the man they brought was no good. Appellant admitted that she had an extensive business in renting her rooms to "traveling men" for only a few hours at a time. Without detailing the facts further, it is sufficient to say that the evidence will support the verdict and the judgment entered thereon.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the action of the trial court in overruling her motion for a continuance was error.

No bill of exception was reserved to the overruling of the motion. The denial of a continuance is not reviewable when no bill of exception is preserved in the record. Authorities attesting the rule are numerous and will be found collated under Note 6 of Art. 667, Vernon's Code of Criminal Procedure. Moreover, the motion, upon its face, was fatally defective in the matter of diligence to secure the testimony of the absent witness, in that it is shown only that process was applied for and issued one day prior to the trial. There is no allegation or showing as to what was done with the process. In order to preserve diligence in the matter of process, it is necessary that the accused show what became of the process after issuance, i. e., in whose hands it was placed for service. Branch's P. C., Sec. 314.

Appellant insists that the facts do not support the conviction, and that we erred in concluding to the contrary. We have again examined the facts and remain convinced of the correctness of our conclusion that they are sufficient. We endeavored to point out the distinction between the facts in the instant case and those in Gibson v. State, 162 S. W. (2d) 703— the case upon which appellant relies as supporting her contention.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.