Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $1,000 and two years in county jail from which he appeals.

He was charged by complaint with making an unlawful, aggravated assault on Joan Howell, a girl nine years of age. It will not be necessary to state the facts of the case in order to dispose of the questions involved other than that State's evidence showed that he fondled the person of this child in a manner sufficient to support a conviction. After the appellant had rested his case, the State recalled the prosecuting witness and developed from her that the appellant had on several occasions prior thereto, exposed himself and engaged in conduct in her presence which showed him to be a moral pervert. This evidence went before the jury over objections and in so admitting this testimony the court committed error.

■ Appellant has presented quite a lengthy brief on this subject in which he has assigned a number of errors. We are not discussing these assignments because this court, under the rules, is not concerned with assignments of error, but with the question presented by the bill of exceptions itself. Counsel may simplify his own work and aid this court materially by discussing the bills as they are found in the record, without the burdensome formalities frequently found in such briefs.

■■ It is sufficient to say that when a party is on trial for an offense it is not permissible to introduce before the jury evidence of disconnected crimes, immoral conduct and general reputation of the party which would show him to be a bad character generally. Only such matters as may enlighten the jury on the questions before them should be admitted. The immediate question was specifically treated by this court in Kennedy v. State, 142 Tex.Cr.R. 310, 152 S.W.2d 772. See also White v. State, 137 Tex.Cr.R. 481, 131 S.W.2d 968 for the distinguishment to be made between that which is admissible and that which is not.

■ Bill of Exception No. 3 brings forward a remark by the court in the presence of the jury which constitutes a comment on the weight of the evidence of the witness, Joan Howell. This comment was an error which could hardly be removed from the jury's mind by the apology given to them by the court. However, it will probably not occur on the trial of another case and for that reason is not treated.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

## HAMILTON v. STATE.

### No. 22762.

Court of Criminal Appeals of Texas.

Feb. 16, 1944.

Horace H. Shelton, of Austin, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

**970**

DAVIDSON, Judge.

Aggravated assault is the offense; the punishment, confinement in the county jail for one month.

The record is before us without statement of facts or bills of exception. Nothing is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.