ALLEN SIMPSON V. STATE.

No. 24256. February 9, 1949.
Rehearing Denied March 16, 1949.

*Walter B. Scott* and *Joe F. Orr*, Fort Worth, for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the State.

GRAVES, Judge.

Under an indictment charging appellant with an assault with intent to murder, he was convicted of an aggravated assault and by the jury assessed a punishment of a fine of $500.00 and confinement in the county jail for one year, from which conviction he appeals.

The facts show that appellant was the proprietor of a dine and dance hall called the Wagon Wheel in Fort Worth; that about 10:30 or 11:00 o'clock on the night of December 13, 1947, the injured party, E. M. Lee, came into this place in company with some women; that they had been drinking whisky and were preparing to do so again; that Mr. Lee had his hat on and a controversy arose relative to this hat; that finally Mr. Hall, the bouncer for the establishment, attempted to take Mr. Lee out of the place, whereupon both parties fell down; that appellant came upon the scene and some licks were struck Mr. Lee, who was finally escorted from the building and seen to walk away therefrom. However, soon thereafter Mr. Lee was found lying unconscious in a pool of blood on the sidewalk. Various state's witnesses testified to the striking over the head of Lee by either appellant or his bouncer during the effort to eject him from the dance hall. Mr. Lee was taken to a hospital where he was found to have sustained a broken nose, a broken jaw and other facial wounds that were pronounced serious injuries.

Appellant denied that Mr. Lee received any violence save a slap from the bouncer, and that neither of them struck him with anything else; that he was only attempting to keep order and that he interceded with his bouncer and told him not to hurt Mr. Lee. He also offered some proof that after Lee had been ejected from the dance hall, a certain khaki-clothed person, whose name was unknown, attacked Mr. Lee out on the sidewalk and beat and kicked him after he had fallen on the sidewalk.

A question of fact arose therefrom relative to the actions of appellant and his bouncer in the premises which it was the jury's province to decide, and we have no power to reverse such unless their decision was clearly wrong. We think the testimony supports their verdict.

Appellant makes complaint because the trial court charged upon murder and defined the constituent parts thereof while preparing to charge on an assault to murder. This was necessary under the present indictment in order that the jury might pass on the intent to murder as charged. A further answer to such complaint should be that appellant was acquitted of an intent to murder when he was found guilty of an aggravated assault. Furtheremore, we do not think that an instructed verdict of not guilty should have been granted.

Appellant's Bill No. 4 is multifarious and seems to contain certain objections to some testimony of E. M. Lee in four different questionings by the state, all being in question and answer form. Also, in the same bill and in question and answer form, there appear objections to certain testimony of Dr. H. B. Kingsberry. Again, therein, relative to the testimony of Archie W. Kimbro, there appears in the same form a purported bill to the trial court's action in sustaining an objection to the testimony of the same witness; again, an objection relative to certain testimony of E. L. Keaton which was the basis of this portion of the bill; again relative to an objection to a certain question propounded by the state to Mrs. Clio Smith; again to a question propounded to Joyce Fay Spain; and again to a question propounded to appellant, as well as other objections to the court's ruling, all in question and answer form without any certificate of the trial court certifying the necessity therefor. It is evident that we cannot consider a bill such as this both because of its form and also its multifarious character. See Art. 667, C. C. P., also 5 Tex. Jur. 253, sec. 178; Humphrey v. State, 212 S. W. (2d) 159; Stroud v. State, 145 Tex. Cr. R. 264, 167 S. W. (2d) 526; Austin v. State, 148 Tex. Cr. R. 339, 187 S. W. (2d) 222; De Leon v. State, 150 Tex. Cr. R. 391; 201 S. W. (2d) 816; White v. State, 203 S. W. (2d) 222; Sharp v. State, 210 S. W. (2d) 174.

Bill No. 5 is no bill at all but again complains of the failure of the trial court to rule favorably upon seven separate assignments of error mentioned in appellant's first amended motion for a new trial. These assignments are merely set forth by numbers only and we have no way of finding out which ones they are from the purported bill, but would have to sift out such seven numbers from twenty assignments of error in such motion. This we cannot do. We have no assignments of error as such in our criminal practice. Each asserted error should be supported by a proper bill of exception. See 4 Tex. Jur. p. 493, sec. 344; also Bowers v. State, 145 Tex. Cr. R. 237, 167

S. W. (2d) 203; Preston v. State, 147 Tex. Cr. R. 25, 177 S. W. (2d) 968; Sessions v. State, 81 Tex. Cr. R. 424, 197 S. W. 718.

We think that under the evidence, contradictory as it was, in the whole of it there is a sufficiency upon which the jury could have established in their own minds the guilt of appellant of an aggravated assault, one inflicting a serious bodily injury, and under such belief, no error being present, the judgment is accordingly affirmed.

## ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We have reconsidered the statement of facts and the questions involved in the light of appellant's motion for rehearing and have concluded that the matter was correctly disposed of in the original opinion. It is true that there is inconsistency in the testimony given by the witness. There is conflict a plenty between the state's witnesses and those for appellant. This is no different from the ordinary case and particularly those originating at places of the character described in this record. Where there is drinking there is difference of opinion, there is conflict, and there is crime. The case before us is a characteristic one. The jury has, as always, decided the issues. We find evidence upon which they are authorized to do so and the judgment of the court based on the jury's verdict must be sustained.

Appellant's motion for rehearing is overruled.