**Ex parte Leonel GUTIERREZ, Appellant.**

**No. 64190.**

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

---

Martin Underwood, Comstock, David Reynolds, Austin, for appellant.

Thomas F. Lee, Dist. Atty. and Thomas E. Swinson, Asst. Dist. Atty., Del Rio, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

This is an original petition for writ of habeas corpus in which this Court has determined that it should exercise its original jurisdiction. Art. V, Sec. 5, Vernon's Ann. Texas Constitution.

The petitioner asserts that he is unlawfully confined in the Val Verde County jail pursuant to an unlawful commitment. He urges that at the guilt-innocence phase of the trial, he was only convicted of misdemeanor false imprisonment, a Class B misdemeanor with a maximum punishment of 180 days in jail, V.T.C.A. Penal Code, Sec. 12.22, but that he is being punished for felony false imprisonment, with a punishment range of imprisonment from two to ten years. V.T.C.A. Penal Code, Sec. 12.34. Since petitioner has been incarcerated longer than the maximum punishment for a Class B misdemeanor, he claims that he has served his sentence and is now illegally confined. We agree.

The petitioner was charged by indictment with the felony offense of aggravated kidnapping. He was tried before a jury on his plea of not guilty. At the guilt-innocence phase of the trial the court in charging the jury submitted the offense of aggravated kidnapping, the lesser included offense of kidnapping, and the lesser included offense of false imprisonment. The jury found the petitioner guilty of false imprisonment and in so doing the jury acquitted the petitioner of the offense of aggravated kidnapping and the offense of kidnapping.

V.T.C.A. Penal Code, Sec. 20.02, provides:

"(a) A person commits an offense if he intentionally or knowingly restrains another person.

"(b) . . .

"(c) An offense under this section is a Class B misdemeanor unless the actor recklessly exposes the victim to a substantial risk of serious bodily injury, in which event it is a felony of the third degree."

A person is guilty of misdemeanor false imprisonment if he intentionally or knowingly restrains another person. A person is guilty of felony false imprisonment if he intentionally or knowingly restrains another person *and* recklessly exposes the victim to a substantial risk of serious bodily injury. The felony offense has one more element than does the misdemeanor offense —i. e., the defendant exposes the victim to a substantial risk of serious bodily injury. Since the misdemeanor offense of false imprisonment is established by proof of less than all the facts necessary to establish the offense of felony false imprisonment the misdemeanor offense is unquestionably a lesser included offense of the felony offense of false imprisonment. Art. 37.09(1), V.A. C.C.P. Both the felony and misdemeanor offenses of false imprisonment are lesser included offenses of kidnapping and aggravated kidnapping.

During the guilt-innocence phase of the trial the jury after being instructed on aggravated kidnapping and the lesser included offense of kidnapping was instructed on the law of false imprisonment as follows:

"If you do not believe from the evidence, or if you have a reasonable doubt thereof, that the defendant abducted Gloria Elena Garza, then you will next consider whether the defendant is guilty of false imprisonment.

"A person commits the offense of false imprisonment if he intentionally or knowingly restrains another person.

"Now, if you find from the evidence beyond a reasonable doubt that the defendant, Leonel Gutierrez, did, in Val Verde County, Texas, on or about the 3rd day of September, 1979, intentionally or knowingly by means of force or intimidation, restrict Gloria Elena Garza's movements so as to interfere substantially with her liberty, by moving her from one place to another or by confining her, then you will find the defendant guilty of false imprisonment.

"Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' "

The jury was not instructed to determine the additional element of whether the petitioner recklessly exposed the victim to a substantial risk of serious bodily injury. The jury's verdict was:

"We, the jury, find the Defendant Leonel Gutierrez guilty of false imprisonment."

During the guilt-innocence phase of the trial the jury was simply not charged on the felony offense of false imprisonment. When the jury found the petitioner guilty of the misdemeanor offense of false imprisonment the petitioner was acquitted of all higher offenses. See e. g. *Tomlin v. State*, 155 Tex.Cr.R. 207, 233 S.W.2d 303 (1950); *Simpson v. State*, 153 Tex.Cr.R. 163, 217 S.W.2d 1013 (1949).

The trial judge, apparently believed that whether the offense of false imprisonment was a misdemeanor or a felony was a matter of punishment; for at the punishment phase of the trial pursuant to the charge submitted the jury specifically found that the petitioner in committing the offense of false imprisonment had "recklessly exposed his victim to a substantial risk of serious bodily injury." The jury assessed punishment of eight years in the Texas Department of Corrections. This case is not analogous to that of *Wright v. State*, 571 S.W.2d 24 (Tex.Cr.App.1978). There the defendant charged with aggravated kidnapping changed his plea to guilty and he was not required to plead guilty to either aggravated kidnapping or the lesser included offense of kidnapping. Apparently the State, in an unusual procedure for a plea of guilty, allowed the defendant to plead guilty and let the jury determine whether he was guilty of aggravated kidnapping or the lesser included offense of kidnapping. The opinion reads:

"Appellant initially entered a plea of not guilty, then during the course of the trial, after proper admonishments by the

court pursuant to Article 26.13, V.A.C. C.P., he changed his plea to guilty and submitted the punishment question to the jury. *From the admonishments it is clear that appellant was pleading guilty to the allegations of aggravated kidnapping in the indictment, and that he was at the same time reserving for presentation to the jury the punishment issue of whether the offense was a first or a second degree felony under Sec. 20.04(b),  .  .  . ."* (Emphasis added.)

The procedure agreed to or acquiesced in by the State and used in *Wright v. State,* supra, where the defendant was convicted of aggravated kidnapping on a plea of guilty, should not be construed as authority for approving the procedure employed in this case on a plea of not guilty in a bifurcated trial before a jury.

Since the petitioner was found guilty of only the misdemeanor offense of false imprisonment and since he has now served a term of imprisonment greater than the maximum penalty provided for that offense he is entitled to be released from confinement.

It is so ordered. No motion for rehearing will be entertained.