**The STATE of Texas, Appellant,**

v.

**Jacobo Gallegos HERRERA, Appellee.**

**No. 08–88–00099–CR.**

Court of Appeals of Texas,
El Paso.

July 6, 1988.

Phil J. Pollan, Dist. Atty., Fort Stockton, for appellant.

Tony Chavez, Chavez & Garcia, Odessa, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

OPINION

SCHULTE, Justice.

This is an appeal by the State from the granting of habeas corpus relief by the trial court based upon former jeopardy and collateral estoppel. We affirm.

On July 15, 1986, Appellee was indicted for deadly assault on a peace officer, alleging that on July 14, 1986, Appellee:

[D]id then and there intentionally and knowingly cause serious bodily injury to DALE STILES by shooting him with a deadly weapon, to wit: a Smith & Wesson .357 pistol, and the said DALE STILES was then and there a Peace Officer in the lawful discharge of his official duty, to wit: answering a reported family disturbance call, and the Defendant had been informed and knew that DALE STILES was such a Peace Officer....

On January 13, 1987, Dale Stiles died of complications arising from the alleged July 14, 1986, shooting. On February 3, 1987, the case was transferred to Presidio County for trial upon a motion for change of venue. On February 27, 1987, a subsequent grand jury in Pecos County indicted Appellee for capital murder, alleging that on July 14, 1986, he:

[D]id then and there intentionally and knowingly cause the death of an individual, DALE STILES, by shooting him with a deadly weapon, to wit: a Smith & Wesson .357 pistol, and the said DALE STILES was then and there a Peace Officer in the lawful discharge of his official duty, to wit: answering a reported family disturbance call, and the Defendant had been informed and knew that DALE STILES was such a Peace Officer....

After this indictment, but prior to the trial date of July 13, 1987, the trial court gave the State the option of which indictment to proceed upon first. The prosecutor elected to try the deadly assault case first. A Presidio County jury acquitted the Appellee in a case devoid of lesser included offenses, defenses or affirmative defenses. While all elements of the indicted offense were in issue, the trial court, in its order granting habeas corpus relief, found that the only actively contested issues (based upon evidence and argument) were whether the deceased was in the lawful discharge of his official duties at the time of the shooting and whether the shooting was intentional or knowing. This interpretation was essentially conceded by the State at the habeas corpus hearing. It is further conceded that the only difference between the causes of action was that the complaining witness had died. The trial court granted habeas corpus relief on the basis of both double jeopardy and collateral estoppel, thereby barring further efforts to prosecute the capital murder indictment.

■ The State persists in an attempted mechanical application of the Blockburger test to these facts, a test which is not wholly definitive. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *May v. State*, 726 S.W.2d 573 (Tex.Crim.App.1987). The State focuses only upon the abstract elements of the two statutory provisions—capital murder and deadly assault—seeking to find distinctions under *Blockburger*. A full double jeopardy analysis requires consideration not only of abstract statutory elements, distinctions in which may be wholly irrelevant to the two pending cases, but of the precise manner in which these statutes have been applied in the indictments, what evidence depicts the conduct alleged in each case, the issues presented in the charges for jury consideration and the verdict.

■ The State's reliance on *Blockburger* is misplaced. Contrary to the State's extended analysis, aggravated assault can be a lesser offense under a charge of murder. *Coit v. State*, 629 S.W.2d 263 (Tex.App.—Dallas 1982, PDRR). See also Tex.Code Crim.Pro.Ann. art. 37.09(1) and (2) (Vernon 1981). Hence, given a certain form of indictment and a certain evidentiary presentation, deadly assault on a peace officer can be a lesser offense to capital murder of a peace officer. That is the case before us. From a double jeopardy standpoint, it is irrelevant that these two charges appear in separate indictments proceeded upon separately. What is critical is the double jeopardy relationship of the alleged offenses under statute, indictment, evidence and jury charge. Since these two charges stand in the relationship of greater to lesser included offenses, the present matter is governed by the principal that conviction of the lesser offense operates as an acquittal of the greater. *Parker v. State*, 626 S.W.2d 738 (Tex.Crim.App.1982); *Ex parte Gu-*

*tierrez,* 600 S.W.2d 933 (Tex.Crim.App. 1980). An acquittal of the lesser must serve as a bar to the retrial of either. See Tex.Code Crim.Pro.Ann. arts. 1.11 and 37.-14 (Vernon 1977 and 1981). This is analogous to the situation (although not so objectionable from either a logic or law and order viewpoint) in which one is tried under a murder indictment, the jury is charged with both murder and voluntary manslaughter, the jury convicts of voluntary manslaughter and the appellate court reverses that lesser conviction for insufficiency of evidence, thereby barring *any* further prosecution. *See Bradley v. State,* 688 S.W.2d 847, 853 (Tex.Crim.App.1985). Point of Error No. One is overruled.

We further conclude that the trial court correctly applied the concept of collateral estoppel in this case, utilizing the same method of analysis set out in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The Supreme Court in *Ashe* recognized that most criminal verdicts would be general and provided an analytical approach which would reduce speculation and yet not amount to a de facto rejection of the collateral estoppel doctrine. Point of Error No. Two is overruled.

The order of the trial court granting habeas corpus relief is hereby affirmed.