Opinion filed March 5,
2010

 

                                                               

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00150-CR

                                                     __________

 

                                  TRACY
LYNN WILSON, Appellant

                                                             V.

                                       STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 118th District Court

                                                          Howard
County, Texas

                                                      Trial
Court Cause No. 12130

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Tracy
Lynn Wilson appeals from a guilty verdict of kidnapping in which the trial
court assessed his punishment at ten years confinement in the Texas Department
of Criminal Justice, Institutional Division.  We affirm.

Background
Facts 

At
the time of this offense, appellant was living in a motor home owned by Jim Jason
Coker. The motor home was located in a shed on the side of Coker’s shop, and an
auger truck was parked behind the motor home.  Appellant looked after Coker’s
shop, and he also did some work for Coker on the side.

On
October 14, 2007, Coker had dropped appellant off at his house to mow his
lawn.  Z.S., who was eight at the time; R.B., who was ten at the time; and
several other children were playing in the neighborhood.  After all the other
children had gone home, appellant grabbed R.B. by the arm and dragged her away
from Coker’s house.  Z.S. followed them.  Joshua Beck was leaving his house and
was getting into his car when appellant and the children came upon him. 
Appellant told Beck that he was the children’s uncle, and he asked Beck for
directions.  Beck offered them a ride, and appellant pushed the children into
the backseat of Beck’s car.  Beck drove appellant and the two children to the
motor home about four or five blocks away.  Appellant forced the children
inside.  Later, appellant allowed Z.S. to leave.  Z.S. walked to a nearby
7-Eleven and called 911.  The police took Z.S. home.  Z.S. then led the police
to appellant and R.B.  Appellant was arrested and indicted for the kidnapping
of Z.S.[1] 

Issues
on Appeal

Appellant
raises four issues on appeal.  In his first two issues, he asserts that the
evidence was legally and factually insufficient to sustain a conviction for
kidnapping.  Next, appellant asserts that the trial court erred in failing to
find that the evidence only supported the lesser included offense of unlawful
restraint or false imprisonment as a matter of law.  Finally, appellant asserts
that he received ineffective assistance of counsel because his counsel failed
to request an instructed verdict of acquittal and failed to request an
instruction on any lesser included offenses supported by the facts.

Sufficiency of the Evidence

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992).  The factfinder may choose to believe or disbelieve
all or any part of any witness’s testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). In order to determine if the evidence is
factually sufficient, we review all of the evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part
Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v.
State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).  Then, we determine whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11.

A
person commits kidnapping when he intentionally or knowingly abducts another
person.  Tex. Penal Code Ann. ' 20.03(a) (Vernon 2003). 
To abduct means to restrain a person with the intent to prevent his liberation
by secreting or holding him in a place where he is not likely to be found or
using or threatening to use deadly force.  Tex.
Penal Code Ann. '
20.01(2) (Vernon Supp. 2009).  To restrain means to restrict a person’s
movements without consent, so as to interfere substantially with the person’s
liberty, by moving the person from one place to another or by confining the
person. Section 20.01(1).   Restraint is without consent if the victim is a
child who is less than fourteen years of age and the parent or guardian has not
acquiesced in the movement or confinement. Section 20.01(1)(B)(i).

Z.S.
testified that, while he and R.B. were playing in Coker’s yard, appellant
grabbed R.B. by the wrist and dragged her away from their neighborhood and that
he followed.  Z.S. testified that appellant made them get into a white car and
told the driver of the vehicle that he was the children’s uncle.  Z.S. stated
that the driver took them to appellant’s motor home and that appellant pushed
them inside.  Z.S. testified that appellant offered them beer and cigarettes.  Z.S.
stated that he and R.B. made a plan that he would leave and go to the 7-Eleven
and call the police.  Z.S. testified that he asked to leave and that appellant
told him to go.

R.B.
testified that appellant grabbed her by the wrist and dragged her away from the
neighborhood.  Appellant told her that, if she did not go with him, he would
hurt Z.S. and that, if Z.S. did not go with him, he would hurt R.B.  R.B.
testified that they came up to a man’s vehicle and that appellant asked for a
ride.  She stated appellant told the man that he was their uncle and then gave
her a look that she took to mean that, if she contradicted him, he would hurt
them.  They drove to Coker’s motor home where appellant was living.  R.B.
stated that appellant threatened to hurt Z.S. if she did not go into the motor
home with him.  R.B. testified that appellant offered them beer, cigarettes, and
marihuana.

Z.S.’s
guardian testified.  She testified that several children were playing outside
and that Z.S. and her other children would check in every once in a while. 
Z.S. knew that he had to be inside by dark.  Z.S.’s guardian testified that,
when it got dark, all of her other children were inside except for Z.S.  When
she asked about Z.S., her other children told her that he had gone off with
somebody.  Z.S.’s guardian testified that she went to look for Z.S. but that she
was not able to find him.  Z.S.’s guardian stated that she never gave anyone
permission to take Z.S. from her house nor did she give Z.S. permission to
leave with anyone.

The
evidence is legally and factually sufficient to support the jury’s guilty
verdict for kidnapping.  The evidence shows that appellant took Z.S. to a place
where he would not likely be found.  The motor home where appellant took Z.S.
and R.B. was in a shed, and an auger truck was parked behind it.  The entire
neighborhood was looking for both Z.S. and R.B., and they were unable to find
the children.  Z.S.’s guardian’s testimony shows that appellant did not have her
consent to take Z.S. anywhere.  Further, R.B.’s and Z.S.’s testimony shows that
they did not go willingly with appellant.  Appellant dragged and pushed them
into the vehicle and the motor home.  We overrule appellant’s first and second
issues.

Charge
on Lesser Included Offense

Appellant
argues that the trial court erred in failing to find that the evidence only
supported the lesser included offense of unlawful restraint or false
imprisonment.  While appellant’s stated issue is unclear, his arguments and
supporting case law indicate that he is arguing that the trial court erred when
it failed to include an instruction on the lesser included offense of unlawful
restraint. 

To
determine if an instruction on a lesser included offense is warranted, we ask:  (1)
is the lesser included offense included within the proof necessary to establish
the offense charged and (2) is there some evidence in the record that would
permit a rational jury to find that, if the defendant is guilty, he is guilty
only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993).  We must review all the evidence presented at trial in
making this determination.  Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994).  

Unlawful
restraint is a lesser included offense of kidnapping.  See Tex. Penal Code Ann. '  20.02 (Vernon 2003);
Ex parte Gutierrez, 600 S.W.2d 933, 935 (Tex. Crim. App. 1980).  A
person commits the offense of unlawful restraint when he intentionally or
knowingly restrains another person.  Section 20.02(a).  As stated above, a person
commits kidnapping when he intentionally or knowingly abducts another person.  Section
20.03(a).  To abduct a person means to restrain him with the intent to prevent
his liberation.  Section 20.01(2).  Therefore, unlawful restraint is included
within the proof necessary to establish kidnapping.

Since
the first prong of the Rousseau test is met, the issue is whether any
evidence exists in the record that would permit a rational jury to find that
appellant is guilty of only unlawful restraint.  Bignall, 887 S.W.2d at
23.  The fact that the State, in the course of proving the offense charged, may
also have proved a lesser offense does not entitle appellant to a charge on the
lesser included offense. Gibbs v. State, 819 S.W.2d 821, 832
(Tex. Crim. App. 1991).  Evidence from some source must affirmatively raise the
issue of the lesser offense.  Bignall, 887 S.W.2d at 24.

After
reviewing the entire record in this case, we conclude there was no evidence
affirmatively raising the lesser included offense of unlawful restraint.  There
was no evidence presented that showed appellant merely restricted Z.S.’s
movements.  The evidence showed that  appellant took Z.S. to a place he was not
likely to be found.  Z.S.’s guardian and neighbors searched for him and were
unable to find him.  The evidence did not raise the possibility that appellant,
if guilty at all, was guilty only of unlawful restraint.  We, therefore,
conclude that appellant was not entitled to a lesser included offense charge on
unlawful restraint.  We overrule appellant’s third issue on appeal.

Ineffective
Assistance of Counsel

Appellant
argues that his counsel was ineffective because counsel failed to request a
directed verdict and failed to request an instruction on any lesser included
offenses.  In order to determine whether appellant’s trial counsel rendered
ineffective assistance at trial, we must first determine whether appellant has
shown that counsel’s representation fell below an objective standard of
reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s
errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999). 

Because
the evidence was legally and factually sufficient and because appellant was not
entitled to a lesser included offense instruction, no possible harm can be
shown. We overrule appellant’s fourth issue on appeal.

Conclusion

We
affirm the judgment of the trial court.

 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

March 5, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant was also indicted for the aggravated
kidnapping of R.B.  The two cases were tried together.  However, due to the
differences in the appeals, we have written two separate opinions.  See Wilson
v. State, No. 11-08-00149-CR (Tex. App.—Eastland March 5, 2010, no pet. h.)
(mem. op., not designated for publication).