Opinion filed March 5,
2010

 

                                                               

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                  ___________

 

                                                           No. 11-08-00149-CR

                                                     __________

 

                                  TRACY
LYNN WILSON, Appellant

                                                             V.

                                       STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 118th District Court

                                                          Howard
County, Texas

                                                      Trial
Court Cause No. 12129

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Tracy
Lynn Wilson appeals from a guilty verdict of aggravated kidnapping in which the
trial court assessed his punishment at twenty years confinement in the Texas
Department of Criminal Justice, Institutional Division.  We affirm.

Background
Facts

At
the time of this offense, appellant was living in a motor home owned by Jim Jason
Coker. The motor home was located in a shed on the side of Coker’s shop, and an
auger truck was parked behind the motor home.  Appellant looked after Coker’s
shop when Coker was out of town, and he also did some work for Coker on the
side.

On
October 14, 2007, Coker had dropped appellant off at his house to mow his
lawn.  R.B., who was ten at the time; Z.S., who was eight at the time; and
several other children were playing in the neighborhood.  After all the other
children had gone home, appellant grabbed R.B. by the arm and dragged her away
from Coker’s house.  Z.S. followed them.  Joshua Beck was leaving his house and
was getting into his car when appellant and the children came upon him. 
Appellant told Beck that he was the children’s uncle, and he asked Beck for
directions.  Beck offered them a ride, and appellant pushed the children into
the backseat of Beck’s car.  Beck drove appellant and the two children to the
motor home about four or five blocks away.  Appellant forced the children
inside.   Later, appellant allowed Z.S. to leave.  Z.S. walked to a nearby
7-Eleven and called 911.  While R.B. was in the motor home alone with appellant,
he made sexual advances toward her.  The police took Z.S. home, and he later
led the police to appellant and R.B.  Appellant was arrested and indicted for
the aggravated kidnapping of R.B.[1]

Issues
on Appeal

Appellant
raises four issues on appeal.  In his first two issues, he asserts that the
evidence was legally and factually insufficient to sustain a conviction for
aggravated kidnapping.  Next, appellant asserts that the trial court erred in
failing to find that the evidence only supported the lesser included offense of
unlawful restraint or false imprisonment as a matter of law.  Finally,
appellant asserts that he received ineffective assistance of counsel because
his counsel failed to request a directed verdict or an instruction on any
lesser included offenses supported by the facts. 

Sufficiency
of Evidence

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992).  The factfinder may choose to believe or disbelieve
all or any part of any witness’s testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). In order to determine if the evidence is
factually sufficient, we review all of the evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, we determine whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

A
person commits aggravated kidnapping when he intentionally or knowingly abducts
another person with the intent to inflict bodily injury on him or violate or
abuse him sexually.  Tex. Penal Code Ann.
' 20.04(a)(4) (Vernon
2003).  To abduct means to restrain a person with the intent to prevent his
liberation by secreting or holding him in a place where he is not likely to be
found.  Tex. Penal Code Ann. ' 20.01(2) (Vernon Supp. 2009). 
To restrain means to restrict a person’s movements without consent, so as to
interfere substantially with the person’s liberty, by moving the person from
one place to another or by confining the person.  Section 20.01(1).   Restraint
is without consent if the victim is a child who is less than fourteen years of
age and the parent or guardian has not acquiesced in the movement or
confinement.  Section 20.01(1)(B)(i).

R.B.
testified that she and Z.S. were playing in Coker’s yard when appellant grabbed
her by the wrist and dragged her away from the neighborhood.  Appellant told
her that, if she did not go with him, he would hurt Z.S. and that, if Z.S. did
not go with him, he would hurt R.B.  R.B. testified that they came up to a man’s
vehicle and that appellant asked for a ride.  She stated appellant told the man
that he was their uncle and then gave her a look that she took to mean that, if
she contradicted him, he would hurt them.  They drove to Coker’s motor home
where appellant was living.  R.B. stated that appellant threatened to hurt Z.S.
if she did not go into the motor home with him.  R.B. testified that appellant
offered them beer, cigarettes, and marihuana.  R.B. testified that Z.S. was
able to leave the motor home without appellant trying to stop him but that,
when she tried to leave, appellant grabbed her and pulled her away from the
door.  R.B. stated that, after Z.S. left, appellant made sexual statements and
advances toward her.  Appellant said, “I need a woman to lay in bed so I can
lick her p---y and have sex with her.”  She further testified that appellant
tried to touch her privates and tried to kiss her but that she pulled away. 

Z.S.
testified that, while he and R.B. were playing, appellant grabbed R.B. by the
wrist and dragged her away from their neighborhood and that he followed.  Z.S.
testified that appellant made them get into a white car and told the driver of
the vehicle that he was the children’s uncle.  Z.S. stated that the driver took
them to appellant’s motor home and that appellant pushed them inside.   Z.S.
testified that appellant offered them beer and cigarettes.  Z.S. stated that he
and R.B. made a plan that he would leave and go to the 7-Eleven and call the
police.  Z.S. testified that he asked to leave and that appellant told him to
go.  Z.S. testified that, when he left, he stood behind the motor home for a
minute and listened to appellant talking to R.B.  He stated that appellant was
talking to R.B. about sex.

R.B.’s
mother testified.  On the day of the incident, she and her husband had gone to
the store to pick up a pizza for the kids.  She left her niece and daughter in
charge of the kids.  When she left, R.B. and other children were playing in
Coker’s yard.  Appellant was sitting on the steps talking to the kids.  R.B.’s
mother never gave anyone permission to take R.B. from her house nor did she
give R.B. permission to leave with anyone.  When she returned to her house,
there was no one outside.  She testified that a boy that lived two houses down
from them told her that R.B. and Z.S. had left with some guy.  R.B.’s mother
looked outside and saw appellant with “his hands on [R.B.] yanking her.”  R.B.’s
mother and her husband searched the neighborhood for the children, and they
also called the police.

The
evidence is legally and factually sufficient to support the jury’s guilty
verdict of aggravated kidnapping.  The evidence shows that appellant took R.B.
to a place where she would not likely be found and that he had the intent to
sexually assault her.  The motor home where R.B. was found was in a shed and an
auger truck was parked behind it.  The entire neighborhood was looking for both
Z.S. and R.B., and they were unable to find the children.  R.B.’s mother’s
testimony shows that appellant did not have her consent to take R.B. anywhere. 
Further, R.B.’s and Z.S.’s testimony shows that they did not go willingly with
appellant.  Appellant dragged and pushed them into the vehicle and the motor
home.  R.B.’s  testimony that appellant was talking to her about sex shows that
appellant had the intent to sexually assault her.  Z.S.’s testimony that he overheard
appellant talking about sex to R.B. further corroborated R.B.’s testimony and
established appellant’s intent.  We overrule appellant’s first and second
issues. 

Charge
on Lesser Included Offense

Appellant
argues that the trial court erred in failing to find that the evidence only
supported the lesser included offense of unlawful restraint or false
imprisonment.  While appellant’s stated issue is unclear, his arguments and
supporting case law indicate that he is arguing that the trial court erred when
it failed to include an instruction on the lesser included offense of unlawful
restraint.

            To
determine if an instruction on a lesser included offense is warranted, we ask: 
(1) is the lesser included offense included within the proof necessary to establish
the offense charged and (2) is there some evidence in the record that would
permit a rational jury to find that, if the defendant is guilty, he is guilty
only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993).  We must review all the evidence presented at trial in
making this determination.  Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994).

Unlawful
restraint is a lesser included offense of aggravated kidnapping.  See Tex. Penal Code Ann. ' 20.02 (Vernon 2003); Ex
parte Gutierrez, 600 S.W.2d 933, 935 (Tex. Crim. App. 1980).  A person
commits the offense of unlawful restraint when he intentionally or knowingly
restrains another person.  Section 20.02(a).  As stated above, a person commits
aggravated kidnapping when he intentionally or knowingly abducts another person
with the intent to inflict bodily injury on him or violate or abuse him
sexually.  Section 20.04(a)(4).  To abduct a person means to restrain him with
the intent to prevent his liberation.  Section 20.01(2).  Therefore, unlawful
restraint is included within the proof necessary to establish aggravated kidnapping.

Since
the first prong of the Rousseau test is met, the issue is whether any
evidence exists in the record that would permit a rational jury to find that
appellant is guilty of only unlawful restraint.  Bignall, 887 S.W.2d at
23.  The fact that the State, in the course of proving the offense charged, may
also have proved a lesser offense does not entitle appellant to a charge on the
lesser included offense. Gibbs v. State, 819 S.W.2d 821, 832
(Tex. Crim. App. 1991).  Evidence from some source must affirmatively raise the
issue of the lesser offense.  Bignall, 887 S.W.2d at 24.

After
reviewing the entire record in this case, we conclude there was no evidence
affirmatively raising the lesser included offense of unlawful restraint.  There
was no evidence presented that showed appellant merely restricted R.B.’s
movements.  The evidence showed that  appellant dragged R.B. away to a place
she was not likely to be found.  Appellant made sexual statements to her and
attempted to touch her, indicating his intent to sexually assault her.  R.B.’s
parents and neighbors searched for her and were unable to find her until Z.S.
led the police to the place where she was being held.  The evidence did not
raise the possibility that appellant, if guilty at all, was guilty only of
unlawful restraint.  We, therefore, conclude that appellant was not entitled to
a lesser included offense charge on unlawful restraint.  We overrule appellant’s
third issue on appeal.

Ineffective
Assistance of Counsel

Appellant
argues that his counsel was ineffective because counsel failed to request a
directed verdict and failed to request an instruction on any lesser included
offenses.  In order to determine whether appellant’s trial counsel rendered
ineffective assistance at trial, we must first determine whether appellant has
shown that counsel’s representation fell below an objective standard of
reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s
errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999). 

Because
the evidence was legally and factually sufficient and because appellant was not
entitled to a lesser included offense instruction, no possible harm can be
shown. We overrule appellant’s fourth issue on appeal.

Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE 

JUSTICE

 

March 5, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant was also indicted for the kidnapping of Z.S. 
The two cases were tried together.  However, due to the differences in the
appeals, we have written two separate opinions.  See Wilson v. State,
No. 11-08-00150-CR (Tex. App.—Eastland March 5, 2010, no pet. h.) (mem. op.,
not designated for publication).