**Opinion filed March 5, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00149-CR

_____

**TRACY LYNN WILSON, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12129**

## M E M O R A N D U M   O P I N I O N

Tracy Lynn Wilson appeals from a guilty verdict of aggravated kidnapping in which the trial court assessed his punishment at twenty years confinement in the Texas Department of Criminal Justice, Institutional Division. We affirm.

*Background Facts*

At the time of this offense, appellant was living in a motor home owned by Jim Jason Coker. The motor home was located in a shed on the side of Coker's shop, and an auger truck was parked behind the motor home. Appellant looked after Coker's shop when Coker was out of town, and he also did some work for Coker on the side.

On October 14, 2007, Coker had dropped appellant off at his house to mow his lawn. R.B., who was ten at the time; Z.S., who was eight at the time; and several other children were playing in the neighborhood. After all the other children had gone home, appellant grabbed R.B. by the arm and dragged her away from Coker's house. Z.S. followed them. Joshua Beck was leaving his house and was getting into his car when appellant and the children came upon him. Appellant told Beck that he was the children's uncle, and he asked Beck for directions. Beck offered them a ride, and appellant pushed the children into the backseat of Beck's car. Beck drove appellant and the two children to the motor home about four or five blocks away. Appellant forced the children inside. Later, appellant allowed Z.S. to leave. Z.S. walked to a nearby 7-Eleven and called 911. While R.B. was in the motor home alone with appellant, he made sexual advances toward her. The police took Z.S. home, and he later led the police to appellant and R.B. Appellant was arrested and indicted for the aggravated kidnapping of R.B.[1]

## Issues on Appeal

Appellant raises four issues on appeal. In his first two issues, he asserts that the evidence was legally and factually insufficient to sustain a conviction for aggravated kidnapping. Next, appellant asserts that the trial court erred in failing to find that the evidence only supported the lesser included offense of unlawful restraint or false imprisonment as a matter of law. Finally, appellant asserts that he received ineffective assistance of counsel because his counsel failed to request a directed verdict or an instruction on any lesser included offenses supported by the facts.

## Sufficiency of Evidence

In order to determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all

---

[1]Appellant was also indicted for the kidnapping of Z.S. The two cases were tried together. However, due to the differences in the appeals, we have written two separate opinions. *See Wilson v. State*, No. 11-08-00150-CR (Tex. App.—Eastland March 5, 2010, no pet. h.) (mem. op., not designated for publication).

or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). In order to determine if the evidence is factually sufficient, we review all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, we determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

A person commits aggravated kidnapping when he intentionally or knowingly abducts another person with the intent to inflict bodily injury on him or violate or abuse him sexually. TEX. PENAL CODE ANN. § 20.04(a)(4) (Vernon 2003). To abduct means to restrain a person with the intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found. TEX. PENAL CODE ANN. § 20.01(2) (Vernon Supp. 2009). To restrain means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. Section 20.01(1). Restraint is without consent if the victim is a child who is less than fourteen years of age and the parent or guardian has not acquiesced in the movement or confinement. Section 20.01(1)(B)(i).

R.B. testified that she and Z.S. were playing in Coker's yard when appellant grabbed her by the wrist and dragged her away from the neighborhood. Appellant told her that, if she did not go with him, he would hurt Z.S. and that, if Z.S. did not go with him, he would hurt R.B. R.B. testified that they came up to a man's vehicle and that appellant asked for a ride. She stated appellant told the man that he was their uncle and then gave her a look that she took to mean that, if she contradicted him, he would hurt them. They drove to Coker's motor home where appellant was living. R.B. stated that appellant threatened to hurt Z.S. if she did not go into the motor home with him. R.B. testified that appellant offered them beer, cigarettes, and marihuana. R.B. testified that Z.S. was able to leave the motor home without appellant trying to stop him but that, when she tried to leave, appellant grabbed her and pulled her away from the door. R.B. stated that, after Z.S. left, appellant made sexual statements and advances toward her. Appellant said, "I need a woman to lay in bed so I

3

can lick her p---y and have sex with her." She further testified that appellant tried to touch her privates and tried to kiss her but that she pulled away.

Z.S. testified that, while he and R.B. were playing, appellant grabbed R.B. by the wrist and dragged her away from their neighborhood and that he followed. Z.S. testified that appellant made them get into a white car and told the driver of the vehicle that he was the children's uncle. Z.S. stated that the driver took them to appellant's motor home and that appellant pushed them inside. Z.S. testified that appellant offered them beer and cigarettes. Z.S. stated that he and R.B. made a plan that he would leave and go to the 7-Eleven and call the police. Z.S. testified that he asked to leave and that appellant told him to go. Z.S. testified that, when he left, he stood behind the motor home for a minute and listened to appellant talking to R.B. He stated that appellant was talking to R.B. about sex.

R.B.'s mother testified. On the day of the incident, she and her husband had gone to the store to pick up a pizza for the kids. She left her niece and daughter in charge of the kids. When she left, R.B. and other children were playing in Coker's yard. Appellant was sitting on the steps talking to the kids. R.B.'s mother never gave anyone permission to take R.B. from her house nor did she give R.B. permission to leave with anyone. When she returned to her house, there was no one outside. She testified that a boy that lived two houses down from them told her that R.B. and Z.S. had left with some guy. R.B.'s mother looked outside and saw appellant with "his hands on [R.B.] yanking her." R.B.'s mother and her husband searched the neighborhood for the children, and they also called the police.

The evidence is legally and factually sufficient to support the jury's guilty verdict of aggravated kidnapping. The evidence shows that appellant took R.B. to a place where she would not likely be found and that he had the intent to sexually assault her. The motor home where R.B. was found was in a shed and an auger truck was parked behind it. The entire neighborhood was looking for both Z.S. and R.B., and they were unable to find the children. R.B.'s mother's testimony shows that appellant did not have her consent to take R.B. anywhere. Further, R.B.'s and Z.S.'s testimony shows that they did not go willingly with appellant. Appellant dragged and pushed them into the vehicle and the motor home. R.B.'s testimony that appellant was talking to her about sex shows that appellant had the intent to sexually assault her. Z.S.'s testimony that he overheard appellant talking

4

about sex to R.B. further corroborated R.B.'s testimony and established appellant's intent. We overrule appellant's first and second issues.

*Charge on Lesser Included Offense*

Appellant argues that the trial court erred in failing to find that the evidence only supported the lesser included offense of unlawful restraint or false imprisonment. While appellant's stated issue is unclear, his arguments and supporting case law indicate that he is arguing that the trial court erred when it failed to include an instruction on the lesser included offense of unlawful restraint.

To determine if an instruction on a lesser included offense is warranted, we ask: (1) is the lesser included offense included within the proof necessary to establish the offense charged and (2) is there some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). We must review all the evidence presented at trial in making this determination. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

Unlawful restraint is a lesser included offense of aggravated kidnapping. *See* TEX. PENAL CODE ANN. § 20.02 (Vernon 2003); *Ex parte Gutierrez*, 600 S.W.2d 933, 935 (Tex. Crim. App. 1980). A person commits the offense of unlawful restraint when he intentionally or knowingly restrains another person. Section 20.02(a). As stated above, a person commits aggravated kidnapping when he intentionally or knowingly abducts another person with the intent to inflict bodily injury on him or violate or abuse him sexually. Section 20.04(a)(4). To abduct a person means to restrain him with the intent to prevent his liberation. Section 20.01(2). Therefore, unlawful restraint is included within the proof necessary to establish aggravated kidnapping.

Since the first prong of the *Rousseau* test is met, the issue is whether any evidence exists in the record that would permit a rational jury to find that appellant is guilty of only unlawful restraint. *Bignall*, 887 S.W.2d at 23. The fact that the State, in the course of proving the offense charged, may also have proved a lesser offense does not entitle appellant to a charge on the lesser included offense. *Gibbs v. State*, 819 S.W.2d 821, 832 (Tex. Crim. App. 1991). Evidence from some source must affirmatively raise the issue of the lesser offense. *Bignall*, 887 S.W.2d at 24.

After reviewing the entire record in this case, we conclude there was no evidence affirmatively raising the lesser included offense of unlawful restraint. There was no evidence

presented that showed appellant merely restricted R.B.'s movements. The evidence showed that appellant dragged R.B. away to a place she was not likely to be found. Appellant made sexual statements to her and attempted to touch her, indicating his intent to sexually assault her. R.B.'s parents and neighbors searched for her and were unable to find her until Z.S. led the police to the place where she was being held. The evidence did not raise the possibility that appellant, if guilty at all, was guilty only of unlawful restraint. We, therefore, conclude that appellant was not entitled to a lesser included offense charge on unlawful restraint. We overrule appellant's third issue on appeal.

*Ineffective Assistance of Counsel*

Appellant argues that his counsel was ineffective because counsel failed to request a directed verdict and failed to request an instruction on any lesser included offenses. In order to determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999).

Because the evidence was legally and factually sufficient and because appellant was not entitled to a lesser included offense instruction, no possible harm can be shown. We overrule appellant's fourth issue on appeal.

*Conclusion*

We affirm the judgment of the trial court.


RICK STRANGE

JUSTICE


March 5, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6